# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CHRIS CARTY, ) | |
|     Plaintiff ) | Civil Action No.: 7:12cv00086 |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| T. COX, et al., ) | By: Pamela Meade Sargent |
|     Defendants. ) | United States Magistrate Judge |

The pro se plaintiff, Chris Carty, is an inmate at Red Onion State Prison, ("ROSP"). This case is before the court on the Motion To Dismiss, (Docket Item No. 25) ("Cox's Motion"), filed on behalf of T. Cox, a nurse at ROSP, and on the Motion To Dismiss, (Docket Item No. 28) ("Stanley's Motion"), filed on behalf of Officer P. Stanley. The plaintiff has responded to the motions. None of the parties have requested a hearing. The motions are before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

*I. Facts*

Carty brings this civil rights action against two defendants: T. Cox, a registered nurse who works at ROSP; and P. Stanley, a correctional officer at ROSP.[1] Carty seeks damages under 42 U.S.C. § 1983 for injuries he alleges that he suffered as a result of Cox's and Stanley's refusal to provide medical care to him.

---

[1] Carty originally also sued "John Doe," but that defendant was dismissed by March 12, 2012, Order of the court.

Carty's allegations are contained in his Complaint and attached Sworn Affidavit. (Docket Item No. 1)

Carty claims that, on October 28, 2011, he suffered injuries to his arms, head, face and knees when he was slammed to the floor of his cell by unnamed correctional officers. Carty claims that, he later showed his injuries to Cox[2] and asked her to provide him with dressings for his wounds and pain medication. He claims that he asked Cox to see a doctor and to obtain an x-ray because he believed his arms were "dislocated or broken because of the severe pain" and swelling. Carty alleges that Cox looked at his wounds through the glass in the cell door and told him he was "alright" and to wash his wounds with soap and water. Carty states that he was forced to wash his wounds with soap and water and to use a makeshift dressing of toilet paper.

In his Complaint, Carty alleges that he requested treatment from Cox for his injuries again on October 29, 2011, and that she failed to provide him with any treatment. Carty alleges that on October 29 or 30 he complained of his injuries to the night shift nurse, M. Scott. Carty states that Scott came into his cell, examined his injuries, provided dressings for his wounds, gave him pain medication and ordered an x-ray.

Carty also alleges that Stanley came to his cell on about November 7, 2011, and asked him to sign a waiver saying that he had refused to be taken to the medical department for an x-ray. According to Carty, Stanley told him that

---

[2] In his Complaint, Carty states that this occurred later in the day of October 28, 2011. In the Sworn Affidavit attached to the Complaint, (Docket Item No. 1, Att. No. 1), Carty states that this occurred on the next day October 29, 2011.

another officer from medical had called him and told him that Carty had refused to come to medical for an x-ray.  Carty states that he refused to sign the waiver because he had not refused treatment because no one had come to his cell to take him to get an x-ray. Carty claims that Stanley returned to medical and that he and another officer signed the waiver stating that Carty had refused two officers' requests to go to medical to get an x-ray.  Carty alleges that Stanley and the other officer conspired "to intentionally and wantonly … deny me, Mr. Carty, an x-ray, thus, intentionally interfering with … treatment…." Carty further alleges that Stanley falsified a waiver stating that Carty had declined the x-ray.  Carty has filed this "Refusal to Consent to Treatment" form with the court. (Docket Item No. 6, Att. No. 1).

Carty states that, between November 7 and November 11, he saw Dr. John Dallessandro and told him that he had not declined an x-ray. Carty states that Dr. Dallessandro provided him with pain medication and ordered another x-ray. Carty alleges that he suffered "physical pain and mental anguish from the (delay) in care and treatment."

## *II. Analysis*

The defendants have moved for dismissal of Carty's claims against them for failing to state a claim upon which relief may be granted.  In considering a motion to dismiss, all well-pleaded factual allegations contained in a complaint are to be taken as true and viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nevertheless, the complaint must contain "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action," and must allege facts specific

-3-

enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

The Eighth Amendment of the United States Constitution prohibits the infliction of cruel and unusual punishment on convicted prisoners. *See* U.S. CONST. amend. VIII. To demonstrate cruel and unusual punishment, a plaintiff must establish that the defendants acted with "deliberate indifference" and he experienced an extreme deprivation of a basic human need or "serious or significant" pain or injury. *Wilson v. Seiter*, 501 U.S. 294, 299-303 (1991). In order to state a claim for violation of the Eighth Amendment right to be free from cruel and unusual punishment based on medical care, an inmate must show deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Mere negligence in rendering medical care to a prisoner, however, does not rise to the level of a claim cognizable under § 1983. *See Goode v. Hartman*, 388 F. Supp. 541, 542 (E.D. Va. 1975); *Bishop v. Cox*, 320 F. Supp. 1031, 1032 (W.D. Va. 1970). "'Allegations of improper or insufficient medical treatment do not state a Constitutional claim.'" *Bishop*, 320 F. Supp. at 1032 (quoting *Hopkins v. County of Cook*, 305 F. Supp. 1011, 1012 (N.D. Ill. 1969)). In order to establish a constitutional deprivation cognizable pursuant to § 1983, the treatment complained of must suggest "conduct that shocks the conscience." *Rochin v. California*, 342 U.S. 165, 172 (1952).

To amount to deliberate indifference, a public official must have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk. *See Farmer v.*

-4-

*Brennan*, 511 U.S. 825, 837 (1994). Furthermore, to bring a medical treatment claim against nonmedical personnel, an inmate must show that such officers were personally involved in a denial of treatment, deliberately interfered with prison doctors' treatment or tacitly authorized or were indifferent to the prison physicians' misconduct. *See Miltier v. Beorn*, 896 F.2d 848, 854-55 (4th Cir. 1990) (overruled on other grounds).

I will first address Carty's claim against Stanley. Carty claims that Stanley denied him necessary medical care by falsifying a form stating that Carty was refusing to have an x-ray. As stated above, to demonstrate deliberate indifference, a plaintiff must show that the defendant was personally aware of facts indicating a substantial risk of serious harm and that the defendant must have actually recognized the existence of such a risk. Carty has alleged no such facts against Stanley. In fact, Carty has not alleged that Stanley was aware of any injuries or any need on his part to obtain medical treatment. Therefore, I find that Carty has failed to state a claim upon which relief may be granted against Stanley, and I will recommend that Stanley's Motion be granted.

I also find that Carty has failed to state a claim upon which relief may be granted against Cox. As stated above, a plaintiff must show deliberate indifference by the defendant to his serious medical needs to prevail on a claim for cruel and unusual punishment for denial of medical treatment. Carty has failed to allege that he suffered from any condition that amounted to a serious medical need. Carty has alleged only that he suffered injuries to his arms, head, face and knees while being slammed to the ground by correctional officers. None of these injuries are further described by Carty, except that Carty claims that he thought his arms were broken or dislocated because of the severe pain and swelling. Carty does not state that he

actually suffered any such injury to his arms. Furthermore, Carty admits that Cox looked at his injuries and advised him to clean his wounds with soap and water. He does not allege that this was improper treatment.

Viewing the allegations in the light most favorable to Carty, he, at best, has alleged that he was not provided the medical care that he requested or was not provided the care that he requested as soon as he requested it. Since he has made no allegations with regard to what his medical needs were at the time, he has failed to sufficiently allege insufficient or improper medical care, much less deliberate indifference. Therefore, I find that Carty has failed to state a claim upon which relief may be granted against Cox, and I will recommend that Cox's Motion be granted.

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Carty has failed to state a claim upon which relief can be granted against Stanley for deliberate indifference to his serious medical needs; and
2. Carty has failed to state a claim upon which relief can be granted against Cox for deliberate indifference to his serious medical needs.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court grant the defendants' motions to dismiss and dismiss Carty's claims against them.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Samuel G. Wilson, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 9th day of October, 2012.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE